**The order below is signed with the title changed from "ORDER WAIVING FINANCIAL MANAGEMENT COURSE REQUIREMENT" to "MEMORANDUM DECISION AND ORDER WAIVING FINANCIAL MANAGEMENT COURSE REQUIREMENT".  The decision is not intended for publication in West's Bankruptcy Reporter.  Dated: November 5, 2008.**



S. Martin Teel, Jr.
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
BENJAMIN L. THOMAS,           )   Case No. 07-00097
                              )   (Chapter 7)
          Debtor.             )
```

ORDER WAIVING FINANCIAL MANAGEMENT COURSE REQUIREMENT

The debtor has neglected to file a form demonstrating compliance with the requirement that he complete a course in financial management of the type described in 11 U.S.C. § 111. The debtor's son, however, informally advised the clerk's office that the debtor is now deceased and thus unable to complete the financial management course requirement.  On October 6, 2008, the court entered an order addressing the possible death of the debtor (Docket Entry ("DE") No. 76), and in accordance with that order, the chapter 7 trustee has filed a suggestion of death together with a copy of a death certificate confirming that the debtor is now deceased (DE No. 78, filed Oct. 30, 2008).

Although chapter 7 debtors are generally required to "file a statement regarding completion of a course in personal financial management . . . within 45 days after the first date set for

the meeting of creditors under § 341 of the Code . . . ." in order to obtain a discharge, <u>see</u> Interim Fed. R. Bankr. P. 1007(b)(7), (c); 11 U.S.C. § 727(a)(11), the requirement to participate in an instructional course concerning personal financial management of the type described in 11 U.S.C. § 111 does not apply "[w]ith respect to a debtor whom the court determines, after notice and hearing, is unable to complete [that requirement] because of incapacity, disability, or active military duty in a military combat zone."  <u>See</u> 11 U.S.C. §§ 727(a)(11), 109(h)(4).  The debtor now being deceased, the court concludes that the debtor is "incapacitated" such that he is unable to complete the requirement.  Thus, and in light of Fed. R. Bankr. P. 1016, which provides that, in the event of the death of a chapter 7 debtor, "the estate shall be administered and the case concluded, in the same manner, so far as possible, as though the death . . . had not occurred," it is

ORDERED that the requirement that the debtor in the above-captioned case complete a course in financial management of the type described in 11 U.S.C. § 111 is WAIVED and the debtor's failure to file Official Form 23 shall not prevent the clerk from entering an order granting the debtor a discharge.

[Signed and dated above.]

```
Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee;

Michele Thomas
636 Audrey Ln., Apt. 302
Oxon Hill, MD 20745
```